IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD JOH,<br><br>    Plaintiff<br><br>vs.<br><br>DR. PAUL SUHEY, D.O., *et al.*,<br><br>    Defendants | CIVIL NO. 1:CV-15-2286<br><br>(Judge Caldwell) |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff, Richard Joh, a former prisoner at the Clinton County Correctional Facility (CCCF) in McElhattan, Pennsylvania has filed a civil-rights complaint concerning a volleyball injury to the pinky on his left hand while housed at CCCF.  (ECF No. 1, Compl.)  He has also filed two motions to proceed *in forma pauperis.*  (ECF Nos. 5 and 6) Joh names CCCF and the following CCCF medical personnel as defendants: Dr. William Young; Nurse Freeman; Nurse Supervisor Marlene Major; Physician Assistant (PA) Bernard; Nurse Ashley Bachman, and Tammy Lingle.  Joh also names Dr. Paul Suhey, a physician at the Lock Haven Hospital, as a defendant.

Pursuant to 28 U.S.C. § 1915(e)(2) we will dismiss the Complaint for failure to state a claim upon which relief may be granted, principally because Plaintiff has failed to make allegations that would support an essential element of his Eighth Amendment claim, deliberate indifference to his serious medical needs.  Joh will be granted leave to file an amended complaint.

II.     *Standard of Review*

The court is required to screen Joh's Complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B)(ii).  The court must dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."  *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotation marks omitted and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief."  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are

not required, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964.  Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570, 127 S.Ct. at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965).  "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(per curiam) (nonprecedential) (quoted case omitted).  Pro se litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III. *Background*

On December 4, 2013, Jon was incarcerated at CCCF as a technical parole violator. During a game of volleyball, he injured his left pinky. That day he was seen in the medical department by Nurse Freeman. She characterized his complaint of pain as an "aching." The next day he was seen in the medical department by Nurse Supervisor Major, who called Dr. Young and Dr. Suhey.

On December 10, 2013, PA Bernard ordered Joh's finger "buddy taped." On December 13, 2013, Dr. Suhey examined Joh's x-rays and ordered the "buddy taping" to continue for a month. Joh's pinky was buddy taped until January 8, 2014. After continuing to complain of pain, Joh was examined by Dr. Young on January 15, 2014. Joh claims his pinky had become unstable, limp and had no muscle or dexterity. Upon his release from CCCF, on June 12, 2015, Joh was seen by Dr. Joseph Thoder at Temple Orthopedics. Dr. Thoder indicated his pinky was dislocated and needed corrective surgery. In August 2015, Joh had a capsulotomy on his left pinky. (ECF No. 1, Compl.)

Joh alleges that the CCCF facility failed to provide him necessary medical care and failed to properly supervise and train its medical personnel. He claims the individual defendants' failure to properly treat his left pinky in December 2013 and January 2014 constitutes deliberate indifference to his serious medical needs. He seeks compensatory and punitive damages against all defendants. (*Id.*)

-4-

IV. *Discussion*

To state a § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

    A. *Claims against Nurse Freeman, Nurse Supervisor Major, PA Bernard, Dr. Suhey, and Dr. Young*

A prison official or private physician under contract to treat state inmates violates the Eighth Amendment when he acts with "deliberate indifference" to the inmate's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994). A finding of deliberate indifference must be based on what an official actually knew, rather than what a reasonable person should have known. *See Beers–Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent

-5-

conduct in the face of resultant pain and risk of permanent injury." *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

At the same time, "[a] prisoner does not have the right 'to chose a specific form of medical treatment.'" *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010)(quoting *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 1990)). An inmate's mere disagreement with medical professionals "as to the proper medical treatment" of his medical complaint does not support an Eighth Amendment violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2002)(claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment). A claim that a doctor or medical department was negligent does not rise to the level of an Eighth Amendment violation simply because the patient is a prisoner. *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292. Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Id.* at 107, 97 S.Ct. at 293. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

Additionally, a section 1983 claim cannot be premised on a theory of *respondeat superior.* In order to establish liability for deprivation of a constitutional right, a party must show the personal involvement of each defendant. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948; *Santiago,* 629 F.3d at 130. "It is uncontested that a government official is

liable only for his or her own conduct and accordingly must have had some sort of personal involvement in the alleged unconstitutional conduct." *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 71-72 (3d Cir. 2011).  This personal involvement can be shown where a defendant personally directs the wrongs, or has actual knowledge of the wrongs and acquiesces in them.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207(3d Cir. 1988); *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)(noting that "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations").  A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).  Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  *Rode*, 845 F.2d at 1208.  Merely alleging that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  *Id.*

    Here, Joh argues that he was seen by medical staff (Freeman, Major, Bernard, Suhey and Young) and received treatment for his injury from December 4, 2013 through January 8, 2014. According to Joh, he was seen and evaluated by medical staff on the day he was injured, the following day, and within a week of his injury his pinky was x-rayed. The x-ray was reviewed by Dr. Suhey who ordered that the "buddy taping" of his pinky continue for a month. At the end of that month, when Plaintiff continued to complain

of discomfort, he was examined by CCCF physician, Dr. Young.  Joh does not allege what treatment he requested from, or was denied by, Dr. Young.[1]  The fact that once he was released from prison, and was seen by Dr. Thoder who recommended surgery to address Joh's ongoing pinky problems does not in and of itself suggest Defendants were deliberately indifferent in their treatment of his injury.  At most, the allegations of the Complaint assert Defendants were negligent in diagnosing and treating his condition.

As with any Eighth Amendment claim, plaintiff must prove the "unnecessary and wanton infliction of pain."  *Whitley v. Albers*, 475 U.S. 312, 319 - 20, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  *Id.*, 475 U.S. at 319, 106 S.Ct. at 1084.  Accordingly, Joh's Eighth Amendment claim against Nurse Freeman, Nurse Supervisor Major, PA Bernard, Dr. Suhey and Dr. Young appears to be fatally flawed.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), claims against these defendants will be dismissed based on Joh's failure to state a claim for which relief may be granted.

B.  *Claims against Defendants Bachman and Lingle*

Although Joh names Nurse Ashely Bachman and Tammy Lingle as defendants in this action, he makes no specific allegations about their personal involvement

---

[1] Although Joh notes that he was released from CCCF at some point, he does not state when or whether he continued to lodge complaints about his pinky that were ignored by any of the defendants.

in his medical care. Accordingly, these defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

    C.    *Leave to Amend*

"[I]f a complaint is vulnerable to [Rule] 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 236 (3d Cir. 2008). In this instance, it is possible that Joh will be able to cure the identified deficiencies in his Complaint by amendment. Joh will therefore be granted twenty-one days to file an amended complaint. If Joh decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Joh is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. In other words, all causes of action alleged in the original complaint which are not alleged in the amended complaint will be waived.

Joh is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible

for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. Stated more simply, Joh should provide facts supportive of his basic claim against each defendant. This information should provide answers to the basic questions of who was involved, what action each defendant took that violated his constitutional rights, as well as where and when the alleged events took place. Joh must also specify the relief he seeks with regard to each claim.

Joh's failure to file an appropriate amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Finally, Joh is also cautioned that illegible submissions will be returned to him without consideration.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 29, 2016