IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD JOH,                          :
                                      :
        Plaintiff                     :
                                      :        CIVIL NO. 1:CV-15-2286
    vs.                               :
                                      :         (Judge Caldwell)
DR. PAUL SUHEY, D.O., *et al.*,       :
                                      :
        Defendants                    :

*M E M O R A N D U M*

I.    *Introduction*

        Presently before the court is plaintiff, Richard Joh's Motion for appointment of

counsel.  (ECF No. 9).  For the reasons that follow the motion will be denied.


II.    *Discussion*

        This is a civil action, not a criminal one.  Hence the plaintiff has no

constitutional or statutory right to appointed counsel.  *Montgomery v. Pinchak*, 294 F.3d

492, 498 (3d Cir. 2002).  Nor can the court compel a lawyer to represent an indigent

plaintiff.  *Tabron v. Grace*, 6 F.3d 147, 153 n.1 (3d Cir. 1993).  Rather, representation for an

indigent is governed by 28 U.S.C. § 1915(e)(1) which only provides that the court "may

*request* an attorney to represent any person unable to afford counsel."  (emphasis added).

        A district court has broad discretion under 28 U.S.C. § 1915(e)(1) in deciding

whether to seek counsel, *Montgomery,* 294 F.3d at 498, and the decision can be made at

any point of the litigation.  *Id.* at 503-04 ("Either the Magistrate Judge or the District Court

should have recognized Montgomery's difficulties as they became increasingly apparent and, in light of them, reconsidered Montgomery's motion for appointment of counsel.").

The Third Circuit has provided guidance for the exercise of the district court's discretion.  At the threshold, the court must decide whether the plaintiff's case "has some arguable merit in fact and law."  *Id.* at 499 (quoting *Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)).  A court need not appoint counsel "if the indigent's chances of success on the merits are extremely slim."  *Id.* at 500 (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))(internal quotation marks and brackets omitted).  If the threshold requirement is met, the court then considers a number of factors established by the Third Circuit to determine whether it is appropriate to request counsel for an indigent party. These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Tabron*, 6 F.3d at 155-57.

"[V]olunteer lawyer time is a precious commodity, *Montgomery, supra,* 294 F.3d at 499, so the district court's "broad statutory discretion" should be exercised "discerningly."  *Id.* at 505 n.10.  However, if the case "appears to have merit" and "most of the . . . *Tabron* factors have been met, the Third Circuit "instruct[s]" that the district court

"should make every attempt to obtain counsel." *Id.* at 505 (quoting *Parham*, 126 F.3d at 461)(internal quotation marks omitted).

Joh seeks the appointment of counsel based on his indigent status, lack of "full comprehension and the capability to fluently use legal terminology," and his "inability to fluently speak English". (ECF Nos. 9 and 10). At the time of filing his Complaint, Joh was 58 years old and had attended "some college." (ECF No. 5). Presently Joh is no longer incarcerated and is residing in Philadelphia. Procedurally, we have recently screened Joh's Complaint and dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B). However, Joh has been granted leave to file an amended complaint. Based on Joh's Complaint, and other correspondence to the court, it is clear he can read and write in English. His Complaint and correspondence are easily understood, clearly worded and present logical and concise issues for consideration. To the extent his request for counsel is based on his indigent status and lack of legal training, these facts alone do not warrant the appointment of counsel given this court's liberal construction of *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). At this point in the litigation, there is no evidence that any prejudice will befall Joh in the absence of court-appointed counsel. Consequently, his request for counsel will be denied.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  September 29, 2016