IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD JOH,  :
:
    Plaintiff  :
:    CIVIL NO. 1:CV-15-2286
vs.  :
:    (Judge Caldwell)
DR. PAUL SUHEY, D.O., *et al.*,  :
:
    Defendants  :

*M E M O R A N D U M*

I.   *Introduction*

The pro se plaintiff, Richard Joh, a former inmate, filed this 42 U.S.C. § 1983 civil-rights action after he suffered a volleyball injury to the little finger of his left hand while housed at the Clinton County Correctional Facility (CCCF) in McElhattan, Pennsylvania.[1] Presently before the court for screening pursuant to 28 U.S.C. § 1915 is Joh's Amended Complaint. (ECF No. 16). For the following reasons, the Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

II.   *Standard of Review*

As with his original Complaint, the court is required to screen Joh's Amended Complaint pursuant to 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2)(B)(ii). The court must dismiss a complaint, or any portion thereof, if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that

---

[1] Joh is no longer incarcerated and resides in Philadelphia, Pennsylvania.

seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "take as true all the factual allegations of the [complaint] and the reasonable inferences that can be drawn from them, but we disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements."  *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quotation marks omitted and citation omitted).

"The test in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) is whether, under any 'plausible' reading of the pleadings, the plaintiff would be entitled to relief."  *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  To satisfy this standard, a complaint need only contain "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and detailed factual allegations are not required, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964.  Nonetheless, a complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. at 1974.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S.

at 556, 127 S.Ct. at 1965). "[L]abels and conclusions" are not enough, *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.*, 127 S.Ct. at 1965 (quoted case omitted).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Nonetheless, the complaint still "must contain allegations permitting 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *Jackson v. Div. of Developmental Disabilities*, 394 F. App'x 950, 951 n.3 (3d Cir. 2010)(nonprecedential)(quoted case omitted).

III.   *Procedural History*

On September 29, 2016, we screened Plaintiff's original complaint asserting that various medical professionals at the CCCF were deliberately indifferent to a fracture of the fifth digit on his left hand. We dismissed the complaint for failure to state a claim upon which relief could be granted. (ECF No. 12). Joh was granted leave to file an amended complaint. (ECF No. 13). Among other things, he was cautioned to identify the individuals responsible for violating his constitutional rights, and what each defendant did that led to the deprivation of his rights. (ECF No. 12, pp. 9-10). He was also instructed that his failure to file a proper amended complaint would result in the dismissal of his action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief could be granted. (*Id.*)

IV. *Background*

Under the "FACTS" portion of his Amended Complaint, Joh identifies the following five individuals, apparently meant to be the defendants: Nurse Freeman; "Head" Nurse Majors; Dr. Bernard; Dr. Suhey and Dr. Young.  He includes Ashley Bachman and Tammy Lingle in the caption of the Amended Complaint, but asserts no factual allegations against them.

Joh alleges the following.  On December 4, 2013, he injured his left little finger while playing volleyball at the CCCF.  He immediately went to the medical department where "Nurse Freeman slammed the door in his face, refused to treat him and denied him admission to the medical department."  (ECF No. 16, p. 1).  Joh returned to the gym, pulled his finger back into place, and sat on the gym floor in considerable pain.  "Shortly thereafter" Nurse Freeman called him back to the medical department, gave him pain medication and charged his prison account $3.00.  (*Id.*, p. 2).  After filing a grievance, the $3.00 charge was removed from his account.  (*Id.*)  A few days later, Joh's pinky finger was x-rayed at an outside facility.  Nurse Marlene Majors read the X-ray and advised Joh that the pinky finger was fractured.  (*Id.*)  Dr. Bernard "buddy taped" the finger on December 10, 2013.

At some point, Nurse Majors "ordered another x-ray."  (*Id.*)  Dr. Suhey read the new X-ray and concluded that while Joh had a fracture, "it would only require the buddy tape."  (*Id.*)  On January 8, 2014, when the buddy tape was removed, Joh's pinky was still disfigured, limp, unusable and painful.  (*Id.*)

-4-

Joh was examined by Dr. Young on January 15, 2014, "who did nothing." (*Id.*) Joh filed a grievance on "March 9th" concerning the lack of meaningful treatment for his pinky which remained painful and disfigured. The following day he was transferred to the Centre County Correctional Facility. (*Id.*)

Joh claims Nurse Freeman was deliberately indifferent to his serious medical needs when she initially refused him treatment on December 4, 2013. (*Id.*) He claims Nurse Majors, Dr. Bernard and Dr. Suhey were "deliberately indifferent to [his] disfigured pinky by buddy taping the finger and failing to recognize the seriousness of the injury and failing to provide the necessary treatment to prevent permanent damage to said finger." (*Id.*) Joh does not include Dr. Young in his "Cause of Action." (*Id.*)

V.  *Discussion*

   A.  *Claims against Nurse Freeman, Head Nurse Majors, Dr. Bernard, Dr. Suhey, and Dr. Young*

A prison official or private physician under contract to treat state inmates violates the Eighth Amendment when he acts with "deliberate indifference" to the inmate's serious medical need. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 1974, 128 L.Ed.2d 811 (1994). A finding of deliberate indifference must be based on what an official actually knew, rather than what a reasonable person should have known. *See Beers–Capitol v. Whetzel*, 256 F.3d 120, 131 (3d Cir. 2001).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290, 50


L.Ed.2d 251 (1976).  Such indifference may be evidenced by an intentional refusal to provide care, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, denial of reasonable requests for treatment that results in suffering or risk of injury, *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993), or "persistent conduct in the face of resultant pain and risk of permanent injury."  *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).

At the same time, "[a] prisoner does not have the right 'to chose a specific form of medical treatment.'"  *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010)(quoting *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 1990)).  An inmate's mere disagreement with medical professionals "as to the proper medical treatment" of his medical complaint does not support an Eighth Amendment violation.  *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 192 n.2 (3d Cir. 2002)(claims of medical malpractice, absent evidence of a culpable state of mind, do not constitute deliberate indifference under the Eighth Amendment).

A claim that a doctor or medical department was negligent does not rise to the level of an Eighth Amendment violation simply because the patient is a prisoner.  *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292.  Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice."  *Id.* at 107, 97 S.Ct. at 293.

Here, Joh alleges that he was seen by medical staff (Freeman, Majors, Bernard, Suhey and Young) and received treatment for his injury from December 4, 2013,

through January 8, 2014.  He was seen by Nurse Freeman the day of his injury.  Prior to December 10, 2013, his pinky was x-rayed at an outside facility and Nurse Majors advised him it was fractured.  Six days after his injury Dr. Bernard buddy taped his finger.  At some point, Nurse Majors ordered a second X-ray of his pinky, again at an outside facility.  Dr. Suhey read the new X-ray, noted the fracture, and determined the injury "would only require buddy tape."  (ECF No. 16, p. 2).  The buddy taping continued until January 8, 2014.  (*Id.*)  On January 15, 2014, when Joh continued to complain of discomfort, he was examined by Dr. Young "who did nothing."  (*Id.*)  Joh states he was transferred to a different facility the day after he filed his grievance.  Joh does not assert that he sought, and was denied, further treatment for his injury after January 8, 2014.  On March 9, 2014, still in pain, Joh filed a grievance concerning "the lack of meaningful treatment" for his injury.  (*Id.*)

As noted above, plaintiff must prove the "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Id.*, 475 U.S. at 319, 106 S.Ct. at 1084.  Joh's Eighth Amendment claim against Nurse Freeman, Nurse Supervisor Majors, Dr. Bernard, Dr. Suhey and Dr. Young fails to support this necessary element.

Joh appears to claim that Nurse Freeman delayed his treatment and that this delay constituted deliberate indifference to his serious medical needs.  He is mistaken.

Here, Joh admits Freeman saw him the same day as his injury. There was no unnecessary delay following his injury.

Nurse Majors is alleged to have read his first X-ray and ordered a second X-ray. She is not alleged to have treated Joh, interfered with his treatment, or withheld treatment from him. Thus, Joh fails to state an Eighth Amendment claim against her. As for Drs. Bernard, Suhey and Young, at most, Joh asserts disagreement with their prescribed treatment. He does not allege that they failed to provide him with any treatment or ignored his complaints of pain.

Joh claims Dr. Young "did nothing" following his twenty-eight-day bout of buddy taping, but Joh does not allege he continued to seek medical care for his pinky after Dr. Young saw him on January 24, or that any of the Defendants failed to address his ongoing complaints of pain or loss of pinky function following the January visit.

While Joh perhaps sought more aggressive treatment for his pinky injury rather than the buddy taping prescribed by the CCCF physicians, this disagreement in care at most rises to the level of negligence, and does not assert an Eighth Amendment claim of deliberate indifference to his serious medical needs. The claims against these Defendants will be dismissed based on Joh's failure to state a claim for which relief may be granted.

    B.    *Claims against Defendants Bachman and Lingle*

Although included in the caption of the Amended Complaint, Joh asserts no factual allegations involving Ashley Bachman or Tammy Lingle. A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor

approved." *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201-202 (3d Cir. 2000).  Accordingly, these defendants will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

VI.     *Conclusion*

For the reasons set forth above, Joh's claims against Nurse Freeman, "Head" Nurse Majors, Dr. Bernard, Dr. Suhey, Dr. Young, Ashley Bachman and Tammy Lingle will be dismissed for failure to state a claim upon which relief may be granted.   Further, because this is Joh's second attempt at filing a meritorious complaint, the court will not grant Joh another opportunity to amend as doing so would be futile.  *Shelley v. Patrick*, 481 F. App'x 34, 36 (3d Cir. 2012)(nonprecedential).

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 17, 2016